Judge Owsley
delivered the Opinion of the Court.
In 1812, Iiodge loaned to Owings eleven hundred and fifty dollars, at an interest of two per centum per month, for the time Owings might hold the money. Owings at the same time, paid the interest in advance, and gave his note for the principal. Between the time of giving the note and 1815, there were various renewals of the note, by Owings, under like agreements to pay the same rate of interest, and at each renewal, the interest was paid in advance. In 1815, a settlement was made between the parties, and the balance then due Hodge was paid by Owings.
In 1817, Hodge again loaned to Owings, eleven hundred and fifty dollars, at a like usurious rate of interest. The interest was again paid in advance, and a note given by Owings for the principal. This note was afterwards, from time to timé, under like usurious agreements renewed, Owings at each time paying the interest in advance, and giving his note for the principal, until September, 1819, the date of the last note which was executed by Owings and M’Bean his security,
Upon the note of that date, Hodge brought suit at law, and recovered judgment for the amount thereof, together with interest and cost.
To be relieved from that judgment, Owings exhibited his bill in equity, with injunction, settingup, and relying upon the various payments made by him, under the usurious agreements, and praying for a credit upon the judgment, for the amount thereof, and general relief.
Hodge answered, admitting the various successive usurious agreements, and the payment of the interest by Owings, at the different times at which the note was renewed; but he relies and insists upon the statute of limitations, in bar of any relief which *92 Owings might otherwise have been entitled to, for the amount paid by jiim for usurious interest, more than five years before the commencement of this suit.
Decree of the circuit court.
'phe act of Féb. 1819, in favor of usurers applies to all notes pxecuted after its passage, though based upon previous usurious agreements.
When the usurer refuses a tender of the principal, and legal ini terest, before the action at law, the chancellor will make him pay the costs, otherwise not.
The court below, allowed the statute to bar the claim, set up by Owings, for usurious interest paid by him, under the original loan in 1812, and under the several renewals of the note then executed, and continued down to the settlement and payment, in 1815; but as to the claim set up by Owings, for payments of interest made by him under the usurious loan of 1817, and the after renewals of the note then executed, though more than five years had elapsed, from the time some of those payments were made, to the commencement of this suit, the court gave no effect to the statute, and decreed the injunction perpetual, not only for the amount of usurious interest paid hy Owings, smee the loan in 1817, but also for the legal interest since that time, and t]ic amount of the cost of the action at Jaw, and the cost in chancery.
The decree is, in our opinion erroneous, in several respects. The note upon which the judgment at law was recovered, having been executed since the passage of the act of February, 1819, it was undoubtedly erroneous, to depree a perpetual injunc7 tion against so much of the judgment at law, as relates to the legal interest upon the amount loaned by Hodge, and contained in the note. According to the explicit language of that act, the person loaning money, though it be at an. usurious rate of interest, is entitled to recover the amount loaned, and legal interest; and the act has heretofore been construed, (and we apprehend correctly) to apply to and govern the amount to he recovered, upon all notes executed after its passage, though based, upon usurious agreements.
It was also erroneous, to perpetuate the injunction for the cost of the action at law. Where the lender of money refuses to accept the principal and legal interest, if tendered before suit brought, he may, according to the provisions of the1 act, he compelled to pay cost; but it is not pretended that before the action at law was brought by Hodge, there had been any tender by Owings, of the principal and legal *93 interest, and of course, as respects the cost of that action, the injunction should not have been perpetuated.
Money paid on usurious agreements, in ay be recoveredbaclc, within five years; not afterwards.
Equity, tho’ not embraced by the terms of the statute oflimitations, applies the bar.
Chinn, for appellant; Hoggin, for appellee.
With respect to the usurious interest, which was paid by Owings, upwards of five years before the commencement of his suit in equity, we are also of opinion, that the court erred in not withholding relief. Whatever amount above the legal rate of interest, has been advanced by Owings, might no doubt, have been recovered back by him, if in proper time he had brought suit for that purpose; but' to authorize a recovery, his suit should have been commenced within five years from the time the usurious interest was paid. Upon payment of the usurious interest, Owings might immediately have brought,his suit to recover it back, and by the provisions of the statute of limitations, no action is allowed to be brought after five years from the time such a cause of action accrue.
The statute, it is true, does not in express terms embrace suits dn equity, but courts of equity acknowledge the influence of the statute, follow its provisions, and consider themselves not at liberty to grant relief to a complainant, after the time prescribed for bringing actions at law has elapsed.
The decree must, therefore, be reversed with cost, the cause remanded to the court below, and a decree there entered perpetuating the injunction for so much, and so much only, as Owings lias paid for usurious interest within five years before the commencement of his suit, and the cost of his suit in chancery.